457 A.2d 954

**COMMONWEALTH of Pennsylvania**

v.

**Glenn THIRKIELD, Appellant.**

Superior Court of Pennsylvania.

Argued March 16, 1981.

Filed March 11, 1983.

Petition for Allowance of Appeal Granted June 22, 1983.

---

414

Joseph T. Kownacki, Erie, for appellant.

Paul J. Susko, Assistant District Attorney, Erie, for Commonwealth, appellee.

Before PRICE,* BROSKY and MONTEMURO, JJ.

BROSKY, Judge:

Appellant was convicted by a jury of aggravated assault and robbery in September, 1979. He was sentenced to a term of imprisonment of ten to twenty years and this appeal followed. On appeal, Mr. Thirkield argues that the lower court lacked jurisdiction to entertain a petition for extension of time filed by the Commonwealth in June, 1979;

* Decision in this case was reached prior to the death of Judge Price.

that the lower court erred in denying a motion to dismiss filed by him in September, 1979; and, that the trial court should not have permitted a prior statement of a prosecution witness to be introduced into evidence at trial.[1] For the reasons that follow, we reverse the judgment.

The incident that led to appellant's conviction occurred in November, 1978 at a Holiday Inn in Erie, where an elderly man was beaten and robbed of a cashmere coat and a small amount of cash.

A complaint was filed on December 6, 1978 charging appellant with aggravated assault and robbery.

On April 6, 1979, a motion to suppress which had been argued in March was granted as to certain tangible evidence and statements made by appellant. The Commonwealth appealed from this order on May 8, 1979.

On June 4, a petition to extend the time of trial was filed; on June 22, 1979, following a hearing, the time of trial was extended to the September, 1979 term. The lower court explained in its opinion that it lacked jurisdiction to try the case in either the May or June terms of court because of the pendency of the Commonwealth's appeal.

On July 23, 1979, the Commonwealth's appeal was withdrawn.

On August 17, 1979, appellant filed a motion to dismiss which was denied following a hearing on September 4.

Trial was held during the September term.

Appellant argues that because an appeal was pending before the Superior Court in June, 1979, the lower court lacked jurisdiction to grant a time extension to the Commonwealth. Although we agree with appellant's argument as to the lack of jurisdiction, we do not believe that the charges should be dismissed.

1. Appellant does list as a fourth issue in his statement of questions, "whether the court below erred in denying defense counsel's motion for a demurrer and subsequent directed verdict at trial." However, this issue was never argued by appellant and we will not consider it.

In *Jones v. Commonwealth*, 495 Pa. 490, 434 A.2d 1197 (1981), a defendant argued that his right to a speedy trial guaranteed by the federal and state constitutions and Pa.R. Crim.P. 1100 had been violated because the Commonwealth failed to petition the court for an extension of time for trial during the pendency of its appeals from suppression orders. Our Supreme Court held that the trial was automatically stayed pending disposition of the appeals. The court said that the result was mandated by Rule 1701(a) of the Pennsylvania Rules of Appellate Procedure which provides:

(a) General Rule. Except as otherwise prescribed by these rules, after an appeal is taken or a petition for allowance of appeal is filed in a matter or review of a quasijudicial order is sought, the *lower court or other government unit may no longer proceed further in the matter.*

Pa.R.A.P., Rule 1701(a). (Emphasis supplied.) [7]

[7] Although Pa.R.A.P. 1701(a) did not become effective until approximately seven months after the suppression hearing in this case, the Official Comment to Rule 1701 notes:

Subdivision (a) codifies a well-established principle. See e.g. *Merrick Estate,* 432 Pa. 450, 247 A.2d 786 (1968); *Corace v. Balint,* 418 Pa. 262, 210 A.2d 882 (1965).

(Id., 495 Pa. at 498, 434 A.2d at 1201.)

The court concluded that "the timely appellate procedures taken by the Commonwealth clearly divested the trial court of authority to proceed, and thus acted as an automatic supersedeas of the operation of Rule 1100." Id., 495 Pa. at 498, 434 A.2d at 1201.

■ We must conclude, based on *Jones,* that the trial court lacked jurisdiction to grant an extension of time. However, we also must conclude that such an extension was not necessary pending disposition of the appeal: *Jones v. Commonwealth,* supra.

Appellant argues that in September, the lower court should have dismissed the charges on the grounds that the June 22 extension order was not supported by a showing of due diligence. However, since *Jones* makes it clear that no

petition for an extension need even have been filed in June, we find no error in the lower court's refusal to dismiss.

There is no allegation that the Commonwealth acted in bad faith in taking its appeal or even in discontinuing it. Instead, appellant bases his argument on the presumption that during the pendency of its appeal, the Commonwealth must have made a showing of due diligence. In light of *Jones,* we reject this argument. Although the lower court did not have jurisdiction to rule on the petition to extend time, its action constituted harmless error since the same result would properly have been reached without a hearing. We, therefore, hold there was no violation of Rule 1100.

We will now address appellant's final argument which concerns the admissibility of a prior statement of a prosecution witness.

Appellant's nephew, Edward J. Hazelett was called to testify by the prosecution. In November, 1978, he apparently made and signed a written statement given to the police. In part he said in that statement that appellant told him that he had "jumped" the victim and taken $18 or $19 from him. He also said that "the next day" appellant was wearing a tan cashmere coat. He stated further that when he told appellant that he ought to get rid of the coat, appellant replied that he would.

At trial, the witness testified that he could not remember whether appellant had told him that he had beaten the victim and taken his money. He also said that he had not seen appellant wearing a cashmere coat.

The prosecution attempted to refresh Mr. Hazelett's recollection by showing him his earlier statement but when that approach failed, the statement was introduced as substantive evidence. The witness had identified the signatures on the statement as his, although he said he had no memory of having made it.

The trial court based its decision that the prior statement was admissible on our decision in *Commonwealth v. Loar,* 264 Pa.Super. 398, 399 A.2d 1110 (1979) (allocatur denied

(1979) (reconsideration denied, 1980). In *Loar*, we held, contrary to the previous state of the law, that prior inconsistent statements of a witness could be introduced as substantive evidence.

We would also conclude that *Loar* permits the introduction of the statement in this case, but because our Supreme Court has recently expressed disapproval of the *Loar* holding, in the case of *Commonwealth v. Waller*, 498 Pa. 33, 444 A.2d 653 (1982), we believe we can no longer adhere to the *Loar* decision.

In *Waller*, supra, the Supreme Court reiterated that prior inconsistent testimony is limited to the purpose of impeaching the trial evidence and may not be used substantively. Id., 498 Pa. at 39, 444 A.2d at 656.

In footnote two of the *Waller* opinion, the court wrote, "We decline to adopt the reasoning ... in *Commonwealth v. Loar*, 264 Pa.Super. 398, 399 A.2d 1110 (1979), that prior inconsistent statements may be used as substantive evidence. Such has never been and is not now the law in this Commonwealth." Id. 498 Pa. at 39, 444 A.2d at 656.

The *Waller* court reaffirmed that,

[T]he exercise of the court's discretion in granting a request to cross-examine one's own witness should include a consideration as to:

(a) whether the testimony was unexpected;

(b) whether the testimony was contradictory

(c) whether the testimony was harmful or injurious to the party calling the witness and beneficial to the opposing side; and

(d) whether the scope of cross-examination was excessive.

Id., 498 Pa. at 39, 444 A.2d at 656, (citing *Commonwealth v. Thomas*, 459 Pa. 371, 329 A.2d 277 (1974).

■ Mr. Hazelett's prior statement should not have been introduced as substantive evidence.

See *Commonwealth v. Knudsen*, 443 Pa. 412, 414–415, 278 A.2d 881, 882–883 (1971); *Commonwealth v. Stafford*,

450 Pa. 252, 299 A.2d 590, 592 (1973), in which the Supreme Court said that when a witness claims he does not know or cannot remember, the prior statements should not be introduced [for impeachment purposes] because of the danger that the prior statements will be considered as substantive evidence by the jury. See also *Waller*, supra, 498 Pa. 38, 444 A.2d at 655–6.

Although the trial court understandably relied upon *Loar*, we believe that in view of *Waller*, we must reverse and remand for new trial.