**Charles PICKRON**

v.

**Fred W. JACOBS, Jr., et al.**

**Civ. A. No. 83–5938.**

United States District Court, E.D. Pennsylvania.

Oct. 18, 1985.

---

Leonard N. Sosnov, Asst. Defender, Defendant Association of Pennsylvania, Philadelphia, Pa., for petitioner.

Eric Henson, Asst. Dist. Atty., Philadelphia, Pa., for respondent.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

Before the court is a petition for a writ of habeas corpus filed by Charles Pickron pursuant to 28 U.S.C. § 2254. The petitioner is in the custody of the Pennsylvania State Board of Probation and Parole. On April 30, 1979, he was found guilty of robbery, criminal conspiracy, and unlawful restraint by the Honorable I. Raymond Kremer, sitting without jury, in the Philadelphia Court of Common Pleas. He was sentenced to serve concurrent terms of imprisonment of two to eight (2–8) years for robbery and conspiracy, and two to five (2–5) years for unlawful restraint. Postverdict motions were denied. The Superior Court of Pennsylvania affirmed the conviction and sentence on February 5, 1982, 297 Pa.Super. 615, 442 A2d 338; the Supreme Court of Pennsylvania denied Pickron's petition for an allowance of appeal on May 28, 1982.

In his Report and Recommendation to this court, William F. Hall, Jr., United States Magistrate, concluded that petitioner's writ of habeas corpus should be denied. Magistrate Hall first decided that petitioner had presented his claim to the state courts and thereby had adequately satisfied the exhaustion requirement. Report at 3. Magistrate Hall then went on to determine that the evidence before Judge Kremer was sufficient to permit the factfinder to determine that petitioner was guilty beyond a reasonable doubt. *Id.* at 5. Pursuant to 28 U.S.C. 636(b)(1) petitioner filed objections to the Magistrate's Report and Recommendations. Accordingly, I must make a *de novo* determination with respect to those portions of the Report and Recommendation to which objection has been made. 28 U.S.C. § 636(b)(1).

At the outset, I accept the Magistrate's conclusion that petitioner has exhausted his state remedies. Thus, I must turn my attention to those parts of the Magistrate's Report and Recommendation to which petitioner has objected.

Petitioner's first objection is that the Magistrate failed adequately to address the central issue raised by the petition, whether there was sufficient evidence to convict petitioner, and instead considered the trial court's credibility determination to be the focus of the petition. Petitioner's Objections at 3. Petitioner further contends that in deciding that the record established sufficient evidence for petitioner's conviction the Magistrate misconstrued Pennsylvania law and the requirements of due process. *Id.*

In undertaking my examination, I must be guided by *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In that case the Supreme Court enunciated the following standard to govern review of

a habeas corpus challenge to the sufficiency of evidence in a state conviction: "[T]he applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier could have found proof of guilt beyond a reasonable doubt." *Id.* at 324, 99 S.Ct. at 2791–92 (footnote omitted). This standard must be applied with reference to state law concerning the substantive elements of the criminal offense. *Id.* at 324 n. 16, 99 S.Ct., at 2792 n. 16. Moreover, state evidentiary law is determinative in applying this standard concerning the sufficiency of the evidence. *See, e.g., Moore v. Duckworth,* 443 U.S. 713, 714–15, 99 S.Ct. 3088, 3089–90, 61 L.Ed.2d 865 (1979).

Petitioner primarily contends that he was convicted solely on the basis of repudiated pre-trial statements that should never have been admitted as substantive evidence under Pennsylvania law. Petitioner's Objections at 3. It will be necessary, therefore, first to review the trial record to see what evidence was offered against the petitioner at trial and whether any use of prior inconsistent statements was made. If such statements did figure in the trial, an examination of the Pennsylvania law on prior inconsistent statements will be appropriate.

### A.

As the trial record reveals, witness Frakes, immediately after reporting the robbery, told the police that petitioner—whom Frakes had seen at least one hundred times before the incident—was one of the robbers. Record at 20–21, *Commonwealth v. Pickron,* Nos. 1398 et al. (C.P.Pa. Apr. 26, 1979). Then, at the preliminary hearing, Frakes testified under oath and subject to cross-examination that petitioner was one of the robbers. *Id.* at 22–23. Moreover, at trial he did not dispute that he had made these earlier identifications. *Id.* at 20–23. Yet when asked whether one of the robbers was in the courtroom during the trial, Frakes stated that he was "really not sure." *Id.* at 12. He explained that two weeks before trial he had seen two individuals who resembled two of the robbers, and that one of them looked like the petitioner. *Id.* When at that time the man resembling petitioner immediately fled and when Frakes realized that petitioner was still in custody, he began to have doubts about his earlier statements of identification. *Id.* at 12–14. No other evidence was presented at the petitioner's trial.

When announcing his verdict of guilty, Judge Kremer of the Court of Common Pleas found the witness "not truthful" and "willfully and deliberately endeavoring to aid the defendant at this point." *Id.* at 32–33. Judge Kremer was unsure of the witness's motivation in his trial testimony and alluded to the possibility of the witness's dissatisfaction with his arrest on a bench warrant to insure his testimony at the trial. *Id.* at 33.

In an opinion dated April 15, 1980 and made pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, Judge Kremer explained the reasons for his earlier decision. *Commonwealth v. Pickron,* Nos. 1399–1401, slip op. (C.P.Pa. Apr. 15, 1980). He observed that defendant had raised essentially three issues on appeal: 1) that prior inconsistent statements could not be used as substantive evidence; 2) the prior statements of Frakes were not "inconsistent" with his trial testimony; and 3) that even if the prior statements were admissible for substantive purposes, evidence presented at trial was still insufficient to support the verdict. *Id.* at 2.

Judge Kremer squarely faced the question whether prior inconsistent statements could be used as substantive evidence. Relying upon the Superior Court's decision in *Commonwealth v. Loar,* 264 Pa.Super. 398, 399 A.2d 1110 (1979), which allowed such substantive use for prior inconsistent statements, Judge Kremer argued that *Loar* did not represent an encroachment upon an earlier rule of law clearly enunciated by the Pennsylvania Supreme Court forbidding such use. *Id.* at 14. Rather, he thought that the rule prohibiting such use had been eroded by the Supreme Court decisions in *Commonwealth v. Gee,* 467

Pa. 123, 354 A.2d 875 (1976), and *Commonwealth v. Brewer*, 479 Pa. 558, 388 A.2d 1071 (1978). *Id.* He thus felt that *Loar* was the only appellate decision directly relevant to the question of the substantive use of prior inconsistent statements. *Id.* *Loar* thus governed his decision in the case before him. *Id.*

Judge Kremer also dealt with defendant's contentions that the witness's earlier statements were not inconsistent and that, even if they were admissible, there was not sufficient evidence to sustain a conviction. He found that the prior statements and those at trial were indeed inconsistent, basing his finding upon *Commonwealth v. Davenport*, 255 Pa.Super. 131, 386 A.2d 543 (1978) and *McCormick on Evidence. Id.* at 17. And he stated that he could find no support for defendant's contention that there was insufficient evidence to sustain a conviction. *Id.* at 19.

The Superior Court affirmed Judge Kremer's decision in a memorandum opinion. *Commonwealth v. Pickron*, 297 Pa. Super. 615, 442 A.2d 338 (1982). According to the Superior Court, the issue was really one of credibility—not of prior inconsistent statements. Judge Kremer had found Frakes credible as to the prior identifications but not as to the "look-alike" incident. *Id.* at 3. The court pointed out that the degree of certainty in eye-witness identification went to the credibility of the witness, a matter well within the province of the trial judge. *Id.* And, relying upon *Commonwealth v. Kloiber*, 378 Pa. 412, 106 A.2d 820 (1954), the court added that certainty by the witness in his identification of the defendant was not necessary for a conviction. *Id.*

It seems, then, that Judge Kremer at least considered testimony about prior statements, which he thought to be inconsistent with the witness's later testimony, at petitioner's trial. This fact necessitates examination of the law of prior inconsistent statements in Pennsylvania. However, because the appellate court raised the issue of credibility—an issue with which Magis-

trate Hall dealt—it will be necessary to treat this as well.

## B.

### 1. *Inconsistency*

A preliminary matter is whether the statements made by Frakes to the police and in the preliminary hearing were in fact inconsistent with the ones made at trial, as Judge Kremer found. The Pennsylvania Supreme Court has held that for a prior inconsistent statement to be used to impeach a witness—the most commonly accepted use of such a statement—the statement must be "in fact inconsistent." *See In re Silverberg*, 459 Pa. 107, 327 A.2d 106, 112 (1974). In making this declaration, the court referred to Wigmore's treatise on evidence. *Id.* Wigmore's definition of an inconsistent statement, made in the context of a discussion concerning discrediting a witness, is as follows:

> In the present mode of impeachment, there must of course be a real *inconsistency* between the two assertions of the witness. The purpose is to induce the tribunal to discard the one statement because the witness has also made another statement which cannot at the same time be true. [citation omitted]. Thus, it is not a mere difference of statement that suffices; nor yet is an absolute oppositeness essential; it is an inconsistency that is required.
>
> Such is the possible variety of statement that it is often difficult to determine whether this inconsistency exists. But it must appear 'prima facie' before the impeaching declaration can be introduced. As a general principle, it is to be understood that this inconsistency is to be determined, not by individual words or phrases alone, but by the *whole impression or effect* of what has been said or done. [citation omitted] On a comparison of the two utterances, are they in effect inconsistent? Do the two expressions appear to have been produced by inconsistent beliefs?

3A J. Wigmore, *Evidence* s 1040 (J. Chadbourn ed. 1970). Furthermore, a trier of

fact can reach a conclusion of inconsistency when it finds the later statement to be false and thus inconsistent with the earlier one. *See Commonwealth v. Davenport,* 255 Pa.Super. 131, 386 A.2d 543, 547 (1978).

Given the above discussion, it is clear that Frakes' earlier statements to the police and at the preliminary hearing were indeed inconsistent with his later remarks at trial. The *"whole impression or effect"* of Frakes' later testimony is that he did not believe that the petitioner was one of the men who had robbed him. Another perspective, which would also lead to the conclusion of inconsistency, would be the one that Judge Kremer adopted in his opinion and that relied upon the holding in *Davenport:* that Frakes' later testimony at trial was false and thus inconsistent with his earlier statements. *See Commonwealth v. Pickron,* Nos. 1399–1401, slip op. at 15. Because the statements were inconsistent, I must now look at Pennsylvania law governing their use to determine whether the trial court was correct in using them substantively.

### 2. *Prior Inconsistent Statements*

■ In petitioner's view, it has been settled law in Pennsylvania that prior inconsistent statements cannot be used as substantive evidence, but only to impeach a witness. Petitioner's Objections at 3. According to petitioner, Judge Kremer's reliance upon *Loar* was thus misplaced in light of the clear Pennsylvania Supreme Court precedent. *Id.* Petitioner finds support for his position in *Commonwealth of Pennsylvania v. Waller,* 498 Pa. 33, 444 A.2d 653 (1982), in which the Court rejected the holding in *Loar. See id.*

In *Waller,* which presented a factual situation where a witness gave testimony at trial inconsistent with his testimony at an earlier coroner's inquest, the court set forth the Pennsylvania rule concerning the use of prior inconsistent statements: such statements can be used to impeach the witness but may not be used substantively. 444 A.2d at 656. Moreover, the court rejected in a footnote the holding in *Loar:*

2. We decline to adopt the reasoning of Judge Spaeth in *Commonwealth v. Loar,* 264 Pa.Super. 398, 399 A.2d 1110 (1979), that prior inconsistent statements may be used as substantive evidence. Such has never been and is not now the law in this Commonwealth.

*Id.* at 656 n. 2.

However, petitioner neglects additional language in *Waller* pertinent to the instant case. When stating that prior inconsistent statements could not be used substantively, the court added that *"responses to those prior statements"* would, if believed by the trier of fact, be substantive evidence and could be used in determining guilt or innocence. *Id.* (footnote, citations omitted). Although the court made this remark in ruling upon a situation when a prosecutor was cross-examining his own witness, this situation does not seem central to the ruling. When, moreover, the appellant in *Waller* argued that the prior inconsistent statement at the coroner's inquest had been used substantively and that, without this statement, the evidence would have been insufficient, the court pointed out that appellant ignored the witness's responses to questions put to him about the earlier testimony—responses that were substantive evidence. *Id.* at 659. This trial testimony together with the other evidence, the court noted, was an adequate basis for a guilty verdict.

Although cited in favor of petitioner's position, then, *Waller* seems to undermine it. For at trial when questioned about his prior statements by the district attorney, Frakes did not deny but acknowledged making them. Transcript at 20–23. And, as both the state appellate court and Magistrate Hall observed, Judge Kremer found this response to these statements credible while disbelieving Frakes' testimony as to the later incident. *Id.* at 33. This response, then, *was* substantive evidence used in the conviction of petitioner. Although the witness did not give this testimony in the context of a cross-examination, as was the case in *Waller,* it was elicited from the witness after he expressed his

doubts about petitioner's identity as one of his robbers.

*Waller* is thus not helpful to petitioner. Nor for that matter is a recent Superior Court case, *Commonwealth v. Thirkield*, 311 Pa.Super. 413, 457 A.2d 954 (1983), to which he refers. There, following *Waller*, the court ruled that a prior inconsistent written statement could not be used as substantive evidence. *Id.*, 457 A.2d at 956. Yet the court did not treat the question of the response to this statement. This is not surprising considering that the witness had no memory of having made it. *Id.*

### 3. Admissibility of Prior Statements

Petitioner also contests Magistrate Hall's reliance upon *Commonwealth v. Saunders*, 386 Pa. 149, 125 A.2d 442 (1956), for the proposition that pre-trial statements are admissible as substantive evidence where the witness is available for cross-examination. Petitioner's Objections at 5 n. 4. In that case, the Pennsylvania Supreme Court ruled that identifications of the defendant by several witnesses at a pre-trial line-up were admissible even though the witnesses were unable to identify the defendant positively at trial. *Saunders*, 125 A.2d at 445.

The Superior Court attempted to explicate *Saunders* in *Commonwealth v. Floyd*, 327 Pa.Super. 569, 476 A.2d 414 (1984), a case involving the substantive use of a witness's prior photographic identification of the defendant. According to *Floyd*, *Saunders* dealt with the admission of out-of-court statements as an exception to the hearsay rule. 476 A.2d at 418. In *Floyd*, the witness stated at trial that he had never identified the defendant before, and he was not questioned about the earlier photographic identification. *Id.* at 416. When the Commonwealth called a detective who testified about the prior identification, the witness's out-of-court identification was admitted as substantive evidence. *Id.* In

reversing the defendant's conviction, the Superior Court enunciated a two-part test for the admission of such prior statements as an exception to the hearsay rule: 1) that the out-of-court identification was freshly made and 2) that the witness who made it takes the stand and acknowledges its accuracy. *Id.*

The Pennsylvania Supreme Court affirmed the Superior Court's decision, but carefully distinguished the *Saunders* situation. *See Commonwealth v. Floyd*, —— Pa. ——, 498 A.2d 816 (1985). The court pointed out that *Saunders*, dealing as it did with the questioning of the witness himself about his prior identifications, was not applicable to the case before it, where one witness testified as to an identification made by another. At ——. The court stated that such testimony from a witness who had not made the prior identification could only be used in certain circumstances and, in accordance with *Waller*, for substantive purposes. *Id.* at ——.

Petitioner seems to suggest that, while *Waller* bans use of prior inconsistent statements, *Saunders* and its progeny allow use of prior statements consistent with the trial testimony and fulfilling the Superior Court's requirements in *Floyd*. Petitioner's Objections at 5 n. 4. Given my reading of *Waller*, it does not seem necessary to reach the question whether Frakes' statements could be admissible as substantive evidence under the *Saunders* doctrine. However, I would note that Frakes' statement to the police seems to satisfy the Superior Court's criteria in that it was made soon after the crime and arguably its accuracy was acknowledged by the witness at trial. Transcript at 20–22.

### 4. Conclusion

■ In sum, while Pennsylvania law now forbids the use of prior inconsistent statements as substantive evidence,[1] responses

---

1. Because I find that, according to Pennsylvania law, responses to prior inconsistent statements may be used as substantive evidence, I do not have to reach an additional question: whether at the time of Judge Kremer's and the Superior Court's decision Pennsylvania law on the sub-stantive use of prior inconsistent statements had become uncertain. I will note that Judge Kremer's opinion was filed on April 15, 1980, the Superior Court's on February 5, 1982. The Pennsylvania Supreme Court decided *Waller*, which clarified Pennsylvania law on the sub-

to them may be used substantively. Accordingly, given Frakes' responses to and express acknowledgements of his prior statements, petitioner's contention that no substantive evidence existed to justify his conviction is groundless.[2]

### C.

■ It remains then to apply to the instant case the standard for sufficiency of evidence stated in *Commonwealth v. Smith*, 490 Pa. 329, 416 A.2d 494 (1980): whether, "viewing the entire record in the light most favorable to the Commonwealth and drawing all reasonable inferences favorable to the Commonwealth, there [was] sufficient evidence to enable the trier of fact to find every element of the crime beyond a reasonable doubt." *Id.*, 416 A.2d at 495 (citations omitted). Because proof of the identity of the accused is an essential element, *Commonwealth v. Hickman*, 453 Pa. 427, 309 A.2d 564 (1973), it is necessary to examine whether there was sufficient evidence to find that petitioner was one of the men who robbed Frakes.

Although proof of the identity of the accused must be established beyond a reasonable doubt, evidence of identification does not have to be "positive and certain." *Hickman*, 309 A.2d at 566. Vagueness or uncertainty in the identification testimony, of course, goes to the weight of the evidence. *Id.* (citations omitted). And to establish the identity of the accused circumstantial evidence may be sufficient. *Id.* (citations omitted). Thus, in *Commonwealth v. Minnis*, 312 Pa.Super. 53, 458 A.2d 231 (1983), the court upheld the trial court's determination that there was sufficient evidence identifying the defendant, evidence that included qualified eyewitness testimony and numerous points of circumstantial evidence. *Id.*, 458 A.2d at 233–34.

Petitioner argues that vague or tentative identification testimony, standing alone without circumstantial evidence, will be insufficient to sustain a criminal conviction even if prior identifications of the defendant were not rendered inconsistent—and thus not admissible—by recantations at trial. Petitioner's Objections at 5. As support for this proposition petitioner relies primarily upon two Superior Court cases, *Commonwealth v. Pereria*, 219 Pa.Super. 104, 280 A.2d 623 (1972) and *Commonwealth v. Grillasco*, 272 Pa.Super. 365, 415 A.2d 1241 (1979). *Id.*

In *Pereria*, the court held that a victim's "vague, tenuous, and uncertain" in-court identification was not sufficient to identify the defendants beyond a reasonable doubt when, in testifying, the witness relied upon a photographic identification made two years prior to trial. 280 A.2d at 625. The court in *Grillasco* relied upon *Pereria's* holding in reversing a defendant's conviction in similar circumstances. 415 A.2d at 1243. There, witnesses could not positively identify the defendant at trial held over a year and a half after earlier photographic identifications. *Id.* at 1242.

These citations are not persuasive. First, these cases refer to prior photographic identifications occurring over a year before trial. In the instant case, Frakes' earlier statements involve more than a mugshot identification: they include

---

stantive use of prior inconsistent statements, on April 30, 1982, only a month before it denied petitioner's allowance of appeal.

**2.** Finally, petitioner relies upon *Wolansky v. Lawson*, 389 Pa. 477, 133 A.2d 843, 844 (1957) for the proposition that, where a witness admits that his earlier testimony was incorrect, only the last statement constitutes substantive evidence. Petitioner's Objections at 4. Thus, he argues that Judge Kremer had no substantive evidence before him when convicting petitioner. *Id. Wolansky*, however, involved witnesses repu-

diating earlier testimony made at the trial and presenting a completely different version of the accident they had witnessed. *Wolansky*, 133 A.2d at 844. Frakes did not state that his earlier statements, made not at trial but to police officers and at a preliminary hearing, were incorrect; he simply expressed doubts about the identity of his robbers. *Wolansky*, then, does not seem pertinent. Even if it were, I must be governed by the Pennsylvania Supreme Court's more recent ruling in *Waller*.

both a prompt identification to police immediately after the crime and a sworn in-court identification of a man known to Frakes. Furthermore, both occurred within a year of trial.

Accordingly, in light of the substantive evidence presented at trial—the response of Frakes to his earlier inconsistent statements—I find that under the *Smith* standard, *see supra*, there was sufficient evidence to convict petitioner beyond a reasonable doubt.

### D.

It is, in any event, not the *Smith* standard which governs this habeas corpus court, but the standard enunciated in *Jackson v. Virginia, supra*: whether "a rational trier of fact could have found proof of guilt beyond a reasonable doubt." 443 U.S. at 324, 99 S.Ct. at 2792 (footnote omitted). As the Court in *Jackson* noted, a court "faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Id.* at 326, 99 S.Ct. at 2793.

Given my finding that Pennsylvania law permits the use of responses to prior inconsistent statements as substantive evidence, I hold that the *Jackson* standard has been met in the instant case. Reviewing the testimony of Frakes concerning his earlier statements, which testimony Judge Kremer determined to be credible, I am satisfied that a rational trier of fact could have found this evidence sufficient beyond a reasonable doubt to identify petitioner as one of Frakes' robbers. It follows that, in my view, a rational trier of fact could have found petitioner guilty beyond a reasonable doubt. Thus, I will adopt the Report and Recommendation of Magistrate Hall and deny petitioner's writ of habeas corpus.

An appropriate order follows.