J-S64020-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM H. EVANS JR. | |
| Appellant | No. 266 EDA 2016 |

Appeal from the Judgment of Sentence Entered December 22, 2015
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0000125-1987

BEFORE:  STABILE, J., SOLANO, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY SOLANO, J.:                **FILED OCTOBER 12, 2016**

Appellant, William H. Evans, Jr., appeals from the judgment of sentence imposed after the trial court determined that Appellant violated the terms of his probation.  We affirm.

On June 11, 1994, Appellant entered a *nolo contendere* plea to three counts of rape by forcible compulsion.[1]  N.T., 5/11/94, at 3, 11-12.  As discussed below, the Commonwealth charged that Appellant repeatedly had beaten, bound, gagged, threatened, and raped eight-year-old H.S., five-year-old W.E., and three-year-old L.E. between June 1982 and August 1983, while he was living with them and their mother in Allentown, Lehigh County.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3121(1)-(2).

On June 29, 1994, the Honorable Lawrence J. Brenner sentenced Appellant to an aggregate 10-20 years' incarceration, followed by 20 years' probation. N.T., 6/29/94, at 19-20.  On March 28, 2013, Appellant was released from incarceration.  N.T., 10/15/13, at 10.

Beginning on June 21, 2013, Appellant violated his probation by failing to reside at a verified and approved residence.  Judge Brenner having retired, the Honorable William E. Ford held a revocation hearing on October 15, 2013, at which Appellant's probation/parole agent testified about the violation.  According to that testimony, Appellant had been expelled from the boardinghouse where he was approved to live due to assaultive behavior towards the house manager.  N.T., 10/15/13, at 11-12.  The house manager stated that he had discovered a woman in Appellant's room, which was against house rules.  *Id.* at 24-25, 27, 30.  When the house manager informed Appellant that he was in violation of the rules, Appellant screamed obscenities at him and threatened to "kill" him and to "bust [him] up," at which time the house manager instructed Appellant to leave.  *Id.* at 31-32, 34-35.  Appellant was taken into custody on June 27, 2013.  *Id.* at 13.

On October 21, 2013, Judge Ford revoked Appellant's probation and imposed a new sentence of 9-24 months' incarceration, followed by 18 years' probation on each of two separate counts, to be served concurrently. The next day, Judge Ford entered another order correcting "concurrently" to "consecutively," for an aggregate probation term of 36 years.  On November 1, 2013, Appellant filed a motion to modify his sentence, which Judge Ford

denied on November 6, 2013. Appellant appealed his sentence to this Court, and we affirmed on January 26, 2015.[2]

Appellant served the entire two years' incarceration after his first probation revocation and was once more released. During this period, Appellant again violated his probation. On December 22, 2015, Judge Ford held a second revocation hearing. The Commonwealth presented the testimony of Appellant's psychotherapist and treatment evaluator, who was a Certified Sexual Offender Treatment Specialist. N.T., 12/22/15, at 7. The therapist testified that Appellant resisted adhering to probation conditions and engaged in impulsive and risky behaviors, including having "indiscriminate" sexual contact with at least two women. *Id.* at 8, 15, 19. Appellant had an altercation with one of these women, which required police intervention. *Id.* at 8-9, 21.

The Commonwealth also presented testimony at the December 2015 revocation hearing by the probation/parole agent who supervised Appellant during his second period of probation. N.T., 12/22/15, at 18. The agent testified that he had told Appellant to have no further contact with the woman with whom he had the altercation. *Id.* at 8-9, 21. However, Appellant continued to communicate with her, which, in part, resulted in his eviction from his approved residence. *Id.* at 21, 25. Appellant then moved

---

[2] **Commonwealth v. Evans**, No. 3235 EDA 2013 (Pa. Super. Jan. 26, 2015) (unpublished memorandum).

to a new residence without notifying his probation/parole agent in advance. *Id.* at 22, 31.

Based on the foregoing, Judge Ford again revoked Appellant's probation and sentenced him to another 1-2 years' incarceration, followed by an aggregate 36 years' probation. On December 30, 2015, Appellant filed a motion to modify sentence, which was denied the same day. Appellant filed this appeal on January 19, 2016.

Because Judge Ford retired, the Honorable Maria L. Dantos wrote an opinion for the lower court that supported Judge Ford's ruling. She stated: "In the instant case, [Appellant] failed to comply with the terms of his probation. Indeed, [Appellant] deliberately chose not to comply with the terms of his probation. Therefore, the Court had ample justification to impose a sentence of total confinement as it did." Trial Court Opinion, 1/21/16, at 2-4.

Appellant presents one issue for review:

> WAS THE SENTENCE IMPOSED BY THE LOWER COURT MANIFESTLY EXCESSIVE OR OTHERWISE UNJUSTIFIED BASED UPON THE LACK OF ANY PROPORTIONAL PUNISHMENT BASED UPON THE NATURE OF THE DEFENDANT'S PROBATION VIOLATION AND NEED FOR REHABILITATION AS WELL AS THE COURT'S PERCEIVED DISLIKE OF THE DEFENDANT?

Appellant's Brief at 8.

Appellant argues that the trial court abused its discretion when it resentenced him to 1-2 years of incarceration followed by 20 years of

probation, which he asserts is excessive. Such a challenge to the discretionary aspects of a sentence is not appealable as of right. *Commonwealth v. Colon*, 102 A.3d 1033, 1042–1043 (Pa. Super. 2014), *appeal denied*, 109 A.3d 678 (Pa. 2015). Therefore, before we exercise jurisdiction to reach the merits of Appellant's issue, we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of an appeal with respect to the discretionary aspects of his sentence; and (4) whether the concise statement raises a substantial question regarding the sentence's impropriety under the Sentencing Code. *Id.* Only if the appeal satisfies each of these four requirements may we proceed to decide the substantive merits of the case. *Id.*

Instantly, Appellant filed a timely notice of appeal and properly preserved his issue in his post-sentence motion. Additionally, Appellant's brief contains a concise statement of the grounds on which he relies. Appellant's Brief at 12.[3] Finally, because Appellant challenges the sentence

_____

[3] Under Rule 2119(f) of the Rules of Appellate Procedure, the statement must "set forth . . . the reasons relied upon for allowance of appeal." Appellant's statement asks for review of his sentence "based upon his belief that, even though the Defendant was violated from his probation for only a technical violation, there must be an appropriate balancing of the type and length of sentence that was being imposed for that violation." Appellant's Brief at 12. Appellant adds, "There has to be a reasonable proportionality of the sentence to the violations and the new sentence cannot be imposed

*(Footnote Continued Next Page)*

as contrary to the fundamental norms underlying the sentencing process, *e.g.*, concerns for proportionality and rehabilitation, he raises a substantial question. *See Colon*, 102 A.3d at 1043.[4] Thus, we will consider the substantive merits of Appellant's sentencing claim.

Generally, the Sentencing Code requires a sentencing court to impose a sentence that is "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the

---

*(Footnote Continued)*

because of any emotional or personal dislike that the Court may have for the Defendant or the Defendant's original offense." *Id.* Appellant's statement does not explain how his sentence failed to include the "appropriate balancing" that he references or how it lacks "reasonable proportionality." Appellant develops these issues in the remainder of his brief, however, and the Commonwealth does not seek dismissal of the appeal on the basis of Rule 2119(f). Therefore, we will proceed to consider the merits of Appellant's claims. *See Commonwealth v. Shugars*, 895 A.2d 1270, 1274 (Pa. Super. 2006).

[4] The determination of what constitutes a substantial question is evaluated on a case-by-case basis. *Commonwealth v. Glass*, 50 A.3d 720, 727 (Pa. Super. 2012). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010).

community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b); *Commonwealth v. Walls*, 926 A.2d 957, 962 (Pa 2007). In the revocation context, as in sentencing generally, sentencing is vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. *Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014), *appeal denied*, 117 A.3d 297 (Pa. 2015). An abuse of discretion is not merely an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law; exercised its judgment for reasons of partiality, prejudice, bias or ill will; or arrived at a manifestly unreasonable decision. *Id.*

Probation is a privilege within the sentencing court's discretion. *Commonwealth v. Newman*, 310 A.2d 380, 381 (Pa. Super. 1973). When probation is violated, the sentencing court possesses the same sentencing alternatives in the revocation context that it had at the time of initial sentencing. *See* 42 Pa.C.S. § 9771(b); *Commonwealth v. Fish*, 752 A.2d 921, 923 (Pa. Super. 2002). Where probation is ineffective as a rehabilitative tool, a more severe sentence, up to and including total incarceration, will often be warranted and appropriate. *Commonwealth v. Sierra*, 752 A.2d 910, 913 (Pa. Super. 2000); *Commonwealth v. Smith*, 669 A.2d 1008, 1011 (Pa. Super. 1996). Total confinement may be imposed if (1) the defendant has been convicted of another crime; (2) the conduct of

the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or (3) such a sentence is essential to vindicate the authority of the court. **Fish**, 752 A.2d at 923 (citing 42 Pa.C.S. § 9771(c)).

Here, following Appellant's second violation of probation, he was sentenced to 1-2 years' incarceration followed by 20 years of probation. Trial Court Opinion, 1/21/16, at 1. In challenging this sentence, Appellant argues that the court did not properly balance the nature of the violation, the "appropriate form of punishment," the need for incarceration, the length of incarceration, and his "cooperation during his supervision." Appellant's Brief at 13, 17. He adds that the court did not adequately review the general sentencing standards prior to imposing the sentence and that the sentence was "influenced" by the court's "personal feelings regarding [Appellant] and the background and history of the original charges." **Id.**

Appellant believes the court imposed a sentence that is "harsh," excessive, and disproportionate to his conduct in violating his probation and that it did so because his original offense in 1994 was a serious sexual offense. Appellant's Brief at 18-19. He asserts that the sentencing court failed to consider and properly weigh "the present circumstances surrounding [him,] including his overall rehabilitation and ability to live in society rather than to be returned to incarceration and lose all of the benefits that he may have earned during his period of freedom." **Id**. at 18. He states that his resentence "should be based upon clear evidence of [his]

intentional violation of his probation and not based upon suspicions about his mental status or his possible dangerousness." *Id.* at 19. He believes alternatives to incarceration should have been considered and better reasons given than "the perceived seriousness of the original offenses and the need for absolute compliance with all conditions of supervision" in the probation context. *Id.* at 20.

Prior to imposing sentence, Judge Ford explained his reasons. First, he expressed his understanding that sex offenders have a variety of restrictions placed on them, making it difficult for them to live in society. He acknowledged that Appellant believes his punishment had been sufficient by that point, after he had already spent so much time incarcerated. However, Judge Ford also considered the facts of Appellant's offenses in order "to make sure that no one else is victimized," and he stated that the underlying crimes, which were forcible rapes of young children, were "some of the most horrendous facts" he had ever encountered: "[A]part from the sexual offenses, there was absolute cruelty involved." N.T., 12/22/15, at 44. Judge Ford also found that Appellant failed to be "meticulous about the supervision requirements" of his second probation, including his sexual offender treatment, despite knowing by this time that neither his probation/parole agent nor the court would tolerate violations. *Id.* at 44-46. In imposing 1-2 years of re-incarceration, Judge Ford stated that he must do what is necessary to protect society. *Id.* at 44.

Upon review, we discern no abuse of discretion by the trial court, which credited the Commonwealth's witnesses and evidence regarding Appellant's probation violations at the December 2015 revocation hearing, the second such proceeding involving Appellant over which the court had presided in five years.

Both at his hearing and in his brief, Appellant has contended that, during his second period of probation, he did nothing illegal or sexually inappropriate, tried to cooperate with the sexual offender counseling, and tried to limit his contact with his female sexual partner, as directed by his probation/parole agent. Appellant's Brief at 15; N.T., 12/22/15, at 34, 38-40. But Judge Ford did not find Appellant's argument to be convincing or his testimony to be credible. N.T., 12/22/15, at 44-46. As an appellate court, we "defer to the credibility determinations of the trial court, which had the opportunity to observe the demeanor of witnesses and to hear them testify." *Commonwealth v. Bomar*, 826 A.2d 831 (Pa. 2003); *see also Commonwealth v. Smith*, 416 A.2d 494, 496 (Pa. 1980) (within context of a revocation hearing, issues of credibility are for the factfinder to resolve).

Moreover, Appellant's claim that the revocation sentencing court did not consider or "balance" his actions and conduct, the "nature of his violation," or his rehabilitative needs, or comply with sentencing norms, is unavailing. As required by Section 9721(b) of the Sentencing Code and the Supreme Court's decision in *Walls*, Judge Ford's sentence, which he

imposed "to make sure that no one else is victimized," was consistent with the need for protection of the public and considered the gravity and impact of Appellant's repeated and various offenses while he was on probation. N.T., 12/22/15, at 44. The trial court acknowledged the difficulties that sex offenders have in returning to and living in society after being released from incarceration, as well as the likelihood that Appellant considers his punishment sufficient after over 20 years of either incarceration or supervised probation. *Id.* But the court nevertheless concluded that the resentencing was appropriate. We defer to that exercise of Judge Ford's discretion.

As for the nature of Appellant's violation, the sentencing court heard and credited testimony of Appellant's unapproved personal and sexual relationships, disobedience of his probation/parole agent's orders, a violent altercation with a sexual partner that required police intervention, eviction from his approved residence, and relocation without advising his probation/parole agent. As Judge Dantos' opinion states, "[Appellant] deliberately chose to not comply with the terms of his probation. Therefore, the Court had ample justification to impose a sentence of total confinement as it did." Trial Court Opinion, 1/21/16, at 3-4. Appellant's arguments to the contrary lack support in the facts of record and the law, and he fails to establish that the sentencing court abused its discretion in the sentence of

1-2 years' incarceration imposed here, which in light of the record evidence, is not excessive.

Moreover, Appellant's sentence complies with clear precedent that when, as here, probation is ineffective as a rehabilitative tool, a more severe sentence, up to and including total incarceration, is warranted and appropriate. *See*, *e.g.*, *Sierra*, 752 A.2d at 913; *Smith*, 416 A.2d at 496. Upon revocation of parole, total confinement may be imposed if the defendant's conduct indicates that it is likely that he will commit another crime if he is not imprisoned, or if incarceration is essential to vindicate the authority of the court. *Fish*, 752 A.2d at 923 (citing 42 Pa.C.S. § 9771(c)). Appellant's first release from incarceration was in March 2013. His conduct in June 2013 (about three months after his initial release), led to his first revocation of probation. He received a two-year term of incarceration and was released in mid-2015. Within months, he engaged in the conduct at issue in this appeal, and the court was well within its discretion to conclude that after two attempts at probation ended in rapid failure, the privilege of supervised release was clearly ineffective as a rehabilitative tool and that incarceration was warranted. Again, Appellant fails to establish abuse of discretion or excessiveness in this regard.

As for Appellant's assertion of the lower court's "perceived dislike" of him, Appellant's Brief at 8, this claim is vague and unsubstantiated. Appellant fails to cite to any notes of testimony or anything else on the

record in support of this allegation. Accordingly, any suggestion in this appeal that Appellant's sentence was the result of Judge Ford's "partiality, prejudice, bias or ill will" is meritless.

Thus, based upon our review of the record, the lower court did not abuse its discretion. The sentence imposed upon Appellant during his second probation violation hearing was not excessive, unreasonable, unsupported, or prejudiced. Consequently, we find no basis to conclude that the sentence was excessive or disproportionate.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/12/2016