CHIEF JUSTICE SAYLOR, CONCURRING
I join the majority's treatment of the sufficiency-of-the-evidence question. Rather than focusing exclusively on that case-specific matter, however, I would also reach the issue of widespread public importance presented here. Specifically, Appellant questions the legitimacy of maintaining the common-law doctrine that one conspirator is liable for substantive crimes committed by another conspirator, regardless of intent or even knowledge relative to those offenses, so long as the crimes may *416 be said to have been committed in furtherance of the conspiracy. This matter has been ably briefed and, in my view, is more than ripe for resolution by this Court.
Appellant explains that, while criminal conspiracy is itself a crime, see 18 Pa.C.S. § 903, the Pennsylvania General Assembly has refrained from adopting the common-law doctrine reflected in Pinkerton v. United States , 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946), rendering each member of a conspiracy liable for criminal acts of the others, regardless of any specific mens rea relative to the particular crimes. See id. at 646-47, 66 S.Ct. at 1183-84. Appellant contends that such a strict-liability approach is squarely inconsistent with the Crimes Code.
According to Appellant, the Legislature has clearly and unambiguously delineated the circumstances in which an individual is liable for the criminal conduct of another in Section 306 of the Crimes Code. See 18 Pa.C.S. § 306(b) ("A person is legally accountable for the conduct of another person when ...."). Indeed, Appellant explains that this statute is an essential embodiment of Section 2.06 of the Model Penal Code, which rejects the Pinkerton approach, as follows:
(a) Conspiracy. The most important point at which the Model Code formulation diverges from the language of many courts is that it does not make "conspiracy" as such a basis of complicity in substantive offenses committed in furtherance of its aims. It asks, instead, more specific questions about the behavior charged to constitute complicity, such as whether the defendant solicited commission of the particular offense or whether he aided, or agreed to or attempted to aid, in its commission.
The reason for this treatment is that there appears to be no better way to confine within reasonable limits the scope of liability to which conspiracy may theoretically give rise.
AMERICAN LAW INSTITUTE, MODEL PENAL CODE AND COMMENTARIES § 2.06(4), cmt. 6(a), at 307 (1985). Furthermore, Appellant highlights, the Legislature explicitly abolished common-law crimes in Section 107(b) of the Crimes Code, 18 Pa.C.S. § 107(b).
Appellant also relates that, in Commonwealth v. Knox , 629 Pa. 467, 105 A.3d 1194 (2014), this Court rejected a broad common-law approach to the issue of accomplice liability, in favor of adherence to the plain language of Section 306 of the Crimes Code. See id. at 470-71, 105 A.3d at 1196-97. Consistent with Knox , Appellant urges this Court to now hold that the common-law co-conspirator rule no longer exists in Pennsylvania.
I agree with Appellant in all material respects, and thus, I would prospectively disapprove the common-law application of the Pinkerton doctrine in Pennsylvania, subject, of course, to legislative adjustment within constitutional parameters. I appreciate the Commonwealth's position that the Pinkerton doctrine has become an entrenched one. Nevertheless, I see no wisdom in perpetuating a scheme of judge-made law serving as the sole basis for substantive criminal liability that is so facially in tension with the comprehensive Crimes Code promulgated by the policy-making branch.