J-S52011-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                        : PENNSYLVANIA
                                        :
                    v.                  :
                                        :
                                        :
TONY NHEP                         :
                                        :
                Appellant           : No. 3458 EDA 2018

Appeal from the Judgment of Sentence Entered November 1, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0007868-2017

BEFORE: PANELLA, P.J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.:           **FILED: MARCH 15, 2021**

Tony Nhep appeals from the judgment of sentence entered on

November 1, 2018, in the Court of Common Pleas of Philadelphia County,

made final by the denial of post-sentence motions on November 8, 2018. The

trial court imposed an aggregate term of five to ten years' incarceration,

followed by two years' probation, after a jury convicted him of burglary

(overnight accommodations, person present), criminal conspiracy (burglary),

and possession of an instrument of crime ("PIC").[1] The court also found him

guilty of one count of persons not to possess a firearm ("Section 6105").[2] On

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3502(a)(1)(i), 903, and 907(a), respectively.

[2] 18 Pa.C.S.A. § 6105(a)(1). Nhep was ineligible due to a prior conviction.

appeal, Nhep challenges the sufficiency of the evidence supporting his Section 6105 conviction and the verdict was against the weight of the evidence as to all his convictions. After careful review, we affirm.

Nhep's convictions stem from a burglary that took place on June 30, 2017. On that date, at approximately 11:00 p.m., the complainant, Yuexiao Jiang, was in one of the upstairs bedrooms of her South Philadelphia row home with her mother-in-law, her two young children, and her four-year-old nephew. Jiang's son heard the bedroom door open and observed a person's head peep inside. The son asked Jiang if his grandfather had come home. Jiang went into the hallway and looked down the stairs. She saw the back of an unfamiliar man leaving the house.

Jiang then called her husband and father-in-law, and asked them if they were recently home and whether they had gone outside. Both men indicated that they had not been home. Jiang's husband sent her a clip of video surveillance footage from inside the home, which revealed that three unknown men had been in the residence.[3] The couple then called the police.

Subsequently, on July 27th, Probation and Parole Agent Starnetta Streaty viewed surveillance footage of the burglary, and she identified Nhep as one of the three men inside the home. She knew Nhep personally and had met him approximately ten times between January and June of 2017. She also

---

[3] The men did not take anything from the residence.

identified two of his tattoos from still shots of the video. Police Officers Chris Lai and Brian Ho positively identified Nhep's cohorts, David Men and Vutha Mok, as the other men in the surveillance video. The video also showed that Mok had a firearm in his right hand as he walked around the home.

All three men were arrested and charged with numerous crimes following the burglary. Nhep and Men were tried jointly[4] before a jury and adjudged guilty of burglary, criminal conspiracy, and PIC on August 17, 2018. Previously agreeing to bifurcate their cases as to the Section 6105 charge and to waive their right to a jury trial on that offense, Nhep and Men were found guilty of the gun possession crime. Nevertheless, in finding them guilty, the court stated the following:

> I want to put something on the record about this. The prosecution theory of guilt on the [Section 6105] charge in this case rests entirely on the theory of conspiratorial liability for this possessory offense. The evidence at the trial made it clear, or at least there was no evidence at the trial that suggested that either Mr. Men or Mr. Nhep, themselves, possessed a firearm at any time during the course of this case.
>
> As counsel is aware, under present Pennsylvania law, which I am constrained to follow, as I charged the jury, the defendants are criminally liable for the possession of a firearm even though it was carried by one of their co-conspirators. This is a verdict, which I must say, I regret to have to enter, because it is contrary to my view of what the law ought to be and where the law is going. But I have no choice under the existing law but to find you, Mr. Men, and you, Mr. Nhep, guilty of the [Section 6105] charges.

N.T., 8/17/2018, at 90.

_____

[4] Mok pled guilty to burglary and weapon offenses on July 18, 2018.

- 3 -

On November 1, 2018, the court sentenced Nhep to concurrent terms of five to ten years for the burglary and conspiracy convictions, following by two years of probation. The court also imposed a term of two years' probation on the Section 6105 offense, to be served concurrently with the probation for the other crimes. No further penalty was imposed on the PIC conviction.

Nhep filed a post-sentence motion, raising challenges to the sufficiency of the evidence and the discretionary aspects of sentencing. The trial court denied the motion on November 8, 2018. This timely appeal followed.[5, 6]

Following Nhep's notice of appeal, his counsel filed three extensions of time to file an appellate brief. After the third request, on September 5, 2019, this Court issued a *per curiam* order granting the extension but stating that no further extensions would be permitted absent extraordinary extensions. After not receiving an appellate brief by the allotted deadline, this Court dismissed Nhep's appeal on November 4, 2019. Nhep subsequently filed an application to reinstate his appeal, which this Court granted on December 4, 2019. We also directed the appointment of new counsel. The trial court appointed new counsel, who subsequently filed an appellate brief on March 26, 2020. The matter is now properly before us.

---

[5] The trial court directed Nhep to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on December 6, 2018. Nhep complied with the order by filing a statement on December 28, 2018. Thereafter, the trial court issued a Pa.R.A.P. 1925(a) opinion on May 10, 2019.

[6] Men also filed a direct appeal, which is docketed at No. 307 EDA 2020.

- 4 -

In Nhep's first argument, he claims there was insufficient evidence to support his Section 6105 conviction because the Commonwealth's evidence demonstrated that he never held a gun during the incident at issue. **See** Appellant's Brief, at 22. In support of this assertion, he points to the surveillance video, which showed Mok holding the purported handgun, but neither Nhep nor Men ever touched the gun. **See id.**, at 23-24.

Furthermore, the crux of Nhep's argument is that there was insufficient evidence to support his Section 6105 conviction based upon the theory of co-conspirator liability. **See id.**, at 27-35. In support of this assertion, Nhep relies on **Commonwealth v. Chambers**, 188 A.3d 400 (Pa. 2018). In **Chambers**, the defendant and the victim were involved in a physical altercation with other individuals watching. At one point, one of these individuals sprayed the victim in the face with mace. The defendant was charged and eventually found guilty by the trial court of, *inter alia*, aggravated assault with a deadly weapon, conspiracy, and PIC. The trial court explained that for both aggravated assault and PIC, because the defendant never used or possessed the mace, his convictions were premised upon a theory of conspiratorial liability.

After granting the defendant's petition for allowance of appeal, the Pennsylvania Supreme Court explained that the "the principle of conspiratorial liability [is] a theory in which one conspirator is criminally liable for the substantive offenses committed by other members of the conspiracy that are

undertaken in furtherance of the conspiracy." *Id.*, at 408 (citations omitted).

The Supreme Court further stated:

> This form of vicarious criminal liability is not codified in Pennsylvania's Crimes Code. *See* 18 Pa.C.S. § 306 (outlining the circumstances in which a person can be liable for conduct of another, which contains no mention of the concept of conspiratorial liability); § 903 (setting forth the elements of the substantive offense of criminal conspiracy, and again, omitting any reference to an offender's liability for acts committed by others in furtherance of the conspiracy). Yet, the maxim routinely is utilized in courtrooms across Pennsylvania as a basis to convict one person for the acts of another, and is faithfully applied by this Court.

*Chambers*, 188 A.3d at 408 (some citations omitted).

The *Chambers* Court stated that an issue in the case was "whether such common law liability exists in our statutorily codified system of substantive criminal law." *Id.*, at 409. Nevertheless, the Court did not decide the issue because it found that before that question could be answered, the Court must first examine whether the record supported the existence of a conspiracy and based on the facts in that case, the petitioner was not involved in a conspiracy pursuant to 18 Pa.C.S.A. § 903. *See id.*

Turning to the present matter, Nhep complains that like in *Chambers*, conspiratorial liability is no longer viable in this Commonwealth, and therefore, it should not apply to his case. *See* Appellant's Brief, at 32. Nhep pointed to the trial court's comments at sentencing as evidence of agreement with this notion. *Id.*, at 33; *see also* N.T., 8/17/2018, at 90.

Lastly, arguing in the alternative, Nhep complains that even if conspiratorial liability was viable, it could not form the basis for his Section 6105 conviction. *See id.* He states the evidence did not establish that Mok, who possessed the gun, was disqualified from doing so under Section 6105 and therefore, Nhep should not be convicted of the same crime.

Before we may address the substantive issue, we must address whether Nhep has properly preserved this argument. Notably, Nhep never alleged in his concise statement that his Section 6105 conviction was insufficient based on the notion that the theory of co-conspirator liability is no longer viable or that because the evidence did not establish that Mok was not disqualified from doing so under Section 6105, Nhep should not be convicted of the same crime. Rather, in his concise statement, Nhep set forth the following issues:

> 1. The verdict was against the weight and sufficiency of the evidence.
>
> 2. The verdict of gun possession should not be upheld on legal grounds because [Nhep] was never in possession of firearm.

Appellant's Concise Statement of Errors Complained of on Appeal in Accordance with Pa.R.A.P. 1925, 12/28/2018, at 1.[7]

---

[7] In a footnote to his concise statement, Nhep stated:

> In this Statement, Appellant has tried in good faith to strike the proper balance between providing the court with the required notice and doing so in a concise manner. Should the court remain unsure in any respect about the nature of any of the issues that

It is clear from comparing both his concise statement and his appellate brief that Nhep is now presenting new theories regarding the sufficiency of the evidence as to his Section 6105 conviction on appeal than he did with the trial court.

However, it is well-settled that issues not included in a court-ordered concise statement are deemed waived on appeal. **See** Pa.R.A.P. 1925(b)(4)(vii); **see also Commonwealth v. Jones**, 191 A.3d 830, 834–835 (Pa. Super 2018) (waiving defendant's challenge identification testimony on appeal under different theories than those previously raised in concise statement because trial court did not have opportunity to review those theories). Accordingly, we conclude that to the extent Nhep raises his sufficiency argument in terms of these newly raised theories, it is waived.

_____

Appellant wishes to pursue on appeal, counsel would be happy to supplement this Statement upon order of the Court.

Appellant's Concise Statement of Errors Complained of on Appeal in Accordance with Pa.R.A.P. 1925, 12/28/2018, at 1 n.1. The court did not request Nhep to supplement the statement.

Furthermore, it merits mention that in his post-sentence motion, Nhep set forth the following relevant claims: (1) the evidence was insufficient to prove his identity as one of the perpetrators; and (2) the evidence was insufficient to prove him guilty of a Section 6105 offense because he did not possess a gun during the incident. **See** Defendant's Post-Sentence Motion, 11/8/2018, at ¶¶ 2-3.

Therefore, we confine our analysis to the following claim – whether there was sufficient evidence to support Nhep's Section 6105 conviction because the evidence demonstrated that he never held a gun during the incident.

Our standard of review regarding a sufficiency of the evidence claim is well-settled:

> The standard we apply ... is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

**Commonwealth v. Edwards**, 229 A.3d 298, 305-306 (Pa. Super. 2020) (quotation and internal brackets omitted).

In order to convict an individual pursuant to Section 6105, the Commonwealth must prove beyond a reasonable doubt that the individual possessed a firearm and that he was convicted of an enumerated offense that prohibits him from, *inter alia*, possessing, using, and controlling the firearm. **See** 18 Pa.C.S.A. § 6105(a)(1). A "firearm" is defined as any weapon that is

"designed to or may readily be converted to expel any projectile by the action of an explosive or the frame or receiver of any such weapon." 18 Pa.C.S.A. § 6105(i).

Here, the trial court indicated that because Nhep "did not physically possess the gun, the Commonwealth proceeded under a theory of constructive possession." Trial Court Opinion, 5/10/2019, at 8.

Regarding constructive possession, we are guided by the following:

Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

**Commonwealth v. Brown**, 48 A.3d 426, 430 (Pa. Super. 2012).

In **Commonwealth v. Knox**, 105 A.3d 1194 (Pa. 2014), the Pennsylvania Supreme Court opined that where a weapon is utilized in furtherance of a crime, constructive possession of that weapon is attributable to a co-conspirator despite who actually possessed it. **See id.**, at 1197-1198. Therefore, to impute constructive possession to Nhep, the Commonwealth was required to prove that Nhep and Mok were involved in a criminal conspiracy.

In order to convict a defendant of criminal conspiracy,

the Commonwealth must prove: (1) the defendant intended to commit or aid in the commission of the criminal act; (2) that the defendant entered into an agreement with another to engage in the crime; and (3) the defendant or one or more of the other co-

- 10 -

conspirators committed an overt act in furtherance of the agreed upon crime. As it is often difficult to prove an explicit or formal agreement, the agreement generally is established via circumstantial evidence, such as by the relations, conduct, or circumstances of the parties, or the overt acts on the part of co-conspirators.

*Commonwealth v. Le*, 208 A.3d 960, 969 (Pa. 2019). *See also* 18 Pa.C.S.A. § 903.

Applying those principles, the trial court found that the Commonwealth had presented sufficient evidence of conspiracy:

> [Nhep] was part of a conspiracy to burglarize the complainant's home. [Nhep]'s co-conspirator/accomplice, Vutha Mok, visibly possessed a firearm during the course of the burglary. [Nhep] and Men were beside Mok when he entered and walked around the complaint's home, gun in hand. They were aware of Mok's illegal possession of a firearm. Moreover, they benefitted from the "protection" the gun afforded them in the event they were confronted by the homeowners.

Trial Court Opinion, 5/10/2019, at 8-9.

We agree with the court's well-reasoned analysis. Moreover, Nhep does not dispute that the evidence was sufficient to conclude an armed burglary transpired, that he took part in the crime, and that Mok did possess a firearm. Viewed in the light most favorable to the Commonwealth as the verdict winner, the evidence was sufficient to find that Nhep constructively possessed the gun at issue as a co-conspirator. Accordingly, his sufficiency claim fails.

In Nhep's second argument, he claims the verdict was against the weight of the evidence and so contrary to the evidence that his convictions shock one's sense of justice. *See* Appellant's Brief, at 35-39. Like with Nhep's

- 11 -

sufficiency argument, we must determine whether he has properly preserved this claim.

It is well-settled law that a defendant must raise a claim asserting the verdict is against the weight of the evidence before the trial court, either orally or in writing, at or before sentencing or in a written post-sentence motion. *See* Pa.R.Crim.P. 607. "The purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived." *Id.*, *Comment*. Here, Nhep did neither.[8] Therefore, he waived any potential weight of the evidence claim. ***Commonwealth v. Jones***, 191 A.3d 830, 834-835 (Pa. Super. 2018) (challenge to weight of evidence must be raised in timely pre or post-trial motion). Accordingly, we need not address Nhep's second argument any further.

Judgment of sentence affirmed. Jurisdiction relinquished.

---

[8] It merits mention that Nhep admitted he did not raise a weight claim in any post-sentence motion, but presented it for the first time in his concise statement. *See* Appellant's Brief, at 36-38. Nevertheless, he indicates that he is preserving the waived argument as an ineffective assistance of counsel claim to be raised on collateral review. *See id.*, at 38-39; *see also* ***Commonwealth v. Holmes***, 79 A.3d 562 (Pa. 2013) (holding claims of ineffective assistance of counsel should be deferred until collateral review pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/15/21