J-A29012-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DEVON KNOX | : | |
| | : | |
| Appellant | : | No. 315 WDA 2024 |

Appeal from the PCRA Order Entered November 21, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0010088-2007

BEFORE: OLSON, J., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY OLSON, J.: **FILED: March 13, 2025**

Appellant, Devon Knox, appeals *pro se* from the November 21, 2023 order entered in the Court of Common Pleas of Allegheny County that denied his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9542-9546. We affirm.

The record demonstrates that, on June 9, 2008, a jury convicted Appellant of second-degree murder, criminal attempt (to commit robbery of a motor vehicle), criminal conspiracy (to commit robbery of a motor vehicle), and firearms not to be carried without a license.[1] The trial court sentenced

---

[1] 18 Pa.C.S.A. §§ 2501(a), 901(a) (§ 3702), 903(a)(1) (§ 3702), and 6106(a)(1), respectively.

Appellant to life in prison without the possibility of parole for his conviction of second-degree murder.[2]

On July 16, 2012, this Court affirmed Appellant's convictions but remanded for resentencing in light of the United States Supreme Court's decision in **Miller v. Alabama**, 567 U.S. 460 (2012).[3] **Commonwealth v. Knox**, 50 A.3d 749, 751-752 (Pa. Super. 2012), *aff'd*, 105 A.3d 1194 (Pa. 2014). Upon remand, the trial court sentenced Appellant to 35 years' to life imprisonment for his second-degree murder conviction.[4]

---

[2] The trial court imposed no future punishment on Appellant's three remaining convictions. Sentencing Order, 9/23/08.

[3] The Supreme Court of the United States in **Miller**, **supra**, held that mandatory sentencing statutes "requiring that all children convicted of homicide receive lifetime incarceration without possibility of parole, regardless of their age and age-related characteristics and the nature of their crimes, [violated the] Eighth Amendment's ban on cruel and unusual punishment." **Miller**, 567 U.S. at 489.

Appellant was 17-years-old at the time he committed the aforementioned crimes and, therefore, was a juvenile offender tried as an adult because he was charged with criminal homicide. **Knox**, 50 A.3d at 751, 767; **see also** 42 Pa.C.S.A. § 6322(a) (vesting jurisdiction in the adult criminal division when a juvenile has been charged with murder). This Court found that the mandatory sentencing scheme under which Appellant was sentenced to life imprisonment without the possibility of parole violated Appellant's constitutional rights under **Miller**, **supra**, because the trial court did not, and could not due to the mandatory nature of the sentencing statute, consider mitigating factors that might render Appellant's sentence inappropriate. **Knox**, 50 A.3d at 767-768.

[4] The trial court imposed no further punishment on Appellant for the remaining three convictions. Sentencing Order, 9/30/15.

On June 5, 2017, this Court affirmed Appellant's judgment of sentence, and, on October 24, 2017, our Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Knox*, 165 A.3d 925, 927 (Pa. Super. 2017), *appeal denied*, 173 A.3d 257 (Pa. 2017). As such, Appellant's judgment of sentence became final on January 23, 2018, upon expiration of the 90-day period for seeking discretionary review with the Supreme Court of the United States. *See* 42 Pa.C.S.A. § 9543(b)(3) (stating, "[a] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review"); *see also* U.S. Sup. Ct. R. 13(1) (stating, "A petition for a *writ* of *certiorari* seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review").

On January 23, 2019, Appellant filed *pro se* a PCRA petition, his first. Counsel was appointed to represent Appellant. On March 18, 2019, PCRA counsel filed a petition to withdraw as counsel, as well as a *Turner*/*Finley*[5] no-merit letter. The PCRA court granted counsel's petition to withdraw and provided Appellant with notice pursuant to Pennsylvania Rule of Criminal

---

[5] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *see also* *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Procedure 907 of its intent to deny his petition without a hearing. Receiving no objection from Appellant, the PCRA court, on June 6, 2019, denied Appellant's petition. Appellant did not appeal the denial of his petition.

On September 21, 2023, Appellant filed *pro se* a second PCRA petition. On October 19, 2023, the PCRA court provided Appellant notice, pursuant to Rule 907, of its intent to dismiss the petition without a hearing because it was time-barred. Rule 907 Notice, 10/19/23; **see also** 42 Pa.C.S.A. § 9545(b)(1) (stating that, a PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves" one of the three statutory exceptions, as set forth therein). The PCRA court provided Appellant 20 days to respond to the Rule 907 notice. Rule 907 Notice, 10/19/23.

On November 3, 2023, Appellant filed *pro se* a response to the Rule 907 notice. In his response, Appellant asserted that his petition was timely based upon, *inter alia*, newly-discovered facts.[6] *Pro Se* Response to Rule 907 Notice, 11/3/23, at ¶ 3. On November 21, 2023, the PCRA court dismissed Appellant's petition on grounds it was without jurisdiction to entertain the claims because the petition was untimely and without exception to overcome the jurisdictional time-bar. On December 21, 2023, Appellant filed *pro se* a

___

[6] Alternatively, Appellant asserted that he was entitled to file an amended petition pursuant to Pennsylvania Rules of Criminal Procedure 905 and 907(1). Appellant, however, did not set forth an argument in his response to support this assertion. *Pro Se* Response to Rule 907 Notice, 11/3/23, at ¶¶ 4, 19.

- 4 -

notice of appeal challenging the November 21, 2023 order dismissing his PCRA petition.

On April 8, 2024, the PCRA court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Appellant filed his concise statement on April 30, 2024. On May 20, 2024, Appellant filed a motion for permission to file an amended concise statement, a copy of which was attached to the motion. The PCRA court granted Appellant's motion on May 30, 2024. The PCRA court filed its Rule 1925(a) opinion on June 5, 2024.

Appellant raises *pro se* the following issues for our review:

[1.] Did [the] PCRA court err when it dismissed Appellant's PCRA petition as untimely notwithstanding [Appellant's contention that his petition raised claims asserting newly-discovered facts]?

[2.] Did [the] PCRA court err when it failed to allow Appellant the opportunity to amend his PCRA petition in the interest of justice?

[3.] Did [the] PCRA court err when it failed to remove itself from this case after Appellant alerted [the] PCRA court that when [the PCRA court jurist] was an attorney[, in private practice,] he held private discussions with Appellant's father concerning Appellant's trial?

Appellant's Brief at 6 (extraneous capitalization omitted).

Appellant's first issue challenges the PCRA court's dismissal of his September 21, 2023 petition, asserting that the PCRA court erroneously determined that his petition was untimely and that he failed to plead and prove

on of the timeliness exceptions enumerated in Section 9545(b)(1)(ii).[7] *Id.* at 12-14.

Our scope and standard of review of an order denying a PCRA petition is well-settled. Proper appellate review of a PCRA court's dismissal of a petition is limited to an examination of "whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa. Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." **Commonwealth v. Hickman**, 799 A.2d 136, 140 (Pa. Super. 2002) (citation omitted). In contrast, we review the PCRA court's legal conclusions *de novo*. **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*), *appeal denied*, 101 A.3d 785 (Pa. 2014).

If a PCRA petition is untimely, courts lack jurisdiction over the claims and cannot grant relief. **Commonwealth v. Reid**, 235 A.3d 1124, 1143 (Pa. 2020) (stating, "[w]ithout jurisdiction, [courts] simply do not have legal

_____

[7] Although the first issue, as set forth in Appellant's *pro se* appellate brief identifies a challenge based upon only the newly-discovered facts exception, Appellant also raised a challenge based upon governmental interference in his amended Rule 1925(b) concise statement and in the argument section of his appellate brief. Therefore, we will consider both exceptions.

authority to address the substantive claims" (citation and original quotation marks omitted)). As discussed *supra*, this Court affirmed Appellant's judgment of sentence on June 5, 2017, and our Supreme Court denied Appellant's petition for allowance of appeal on October 24, 2017. Appellant did not seek discretionary review with the Supreme Court of the United States. As such, Appellant's judgment of sentence became final on January 23, 2018, upon expiration of time for seeking discretionary review with the Supreme Court of the United States.

To be timely filed, a PCRA petition, including second and subsequent petitions, must be filed within one year of the date a petitioner's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). Therefore, Appellant had until January 23, 2019, to file a timely PCRA petition. Appellant filed the instant petition on September 21, 2023, more than four years after the deadline for filing a timely PCRA petition. Consequently, Appellant's petition is patently untimely.

If a PCRA petition is untimely, the jurisdictional time-bar can only be overcome if the petitioner alleges and proves one of the three statutory exceptions, as set forth in 42 Pa.C.S.A. § 9545(b)(1). ***Commonwealth v. Spotz***, 171 A.3d 675, 678 (Pa. 2017). The three narrow statutory exceptions to the one-year time-bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly[-]discovered facts; and (3) an after-recognized constitutional right." ***Commonwealth v. Brandon***, 51 A.3d 231, 233-234 (Pa. Super. 2012), *citing* 42 Pa.C.S.A. § 9545(b)(1)(i - iii).

A petition invoking an exception to the jurisdictional time-bar must be filed within one year of the date that the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). If a petitioner fails to invoke a valid exception to the PCRA time-bar, courts are without jurisdiction to review the petition and provide relief. *Spotz*, 171 A.3d at 676.

Here, Appellant asserts that his petition is timely because the "Commonwealth knowingly made false statements of material law to secure his 35[-]year minimum sentence" and those falsities "interfered with [his] due process rights that are guaranteed [by the 14th Amendment of the United States Constitution and Article 1, Section 9 of the Pennsylvania Constitution.]" Appellant's Brief at 12. Appellant argues that he discovered "research from other [criminal] cases [involving juvenile defendants sentenced under 18 Pa.C.S.A. § 1102.1 that reveals the] Commonwealth's intention to mislead resentencing courts to impose minimum sentences that are longer than necessary to achieve justice[.]"[8] *Id.* at 13-14. Appellant contends that, in

_____

[8] Section 1102.1 of the Crimes Code sets forth mandatory minimum sentences to be imposed upon persons who are under the age of 18 at the time of the commission of the offense and were convicted after June 24, 2012 of murder, murder of an unborn child, and murder of a law enforcement officer. 18 Pa.C.S.A. § 1102.1. For example, and pertinent to the case *sub judice*, Section 1102.1(c)(1) requires a trial court to impose a mandatory minimum sentence of 30 years' to life imprisonment on a person who was between 15 years of age and 18 years of age at the time he or she committed second-degree murder. 18 Pa.C.S.A. § 1102.1(c)(1). Section 1102.1 further provides that "[n]othing under this section shall prevent the sentencing court from imposing a minimum sentence greater than that provided in this section. Sentencing guidelines promulgated by the Pennsylvania Commission on

his examination of sentences imposed pursuant to Section 1102.1 on juvenile defendants by trial courts located in the Western District of Pennsylvania, which includes the Court of Common Pleas of Allegheny County, black juvenile homicide defendants received mandatory minimum sentences as required by Section 1102.1 while similarly situated white juvenile defendants received "minimum sentences that fell far below [Section] 1102.1 guidelines." *Id.* at 13. Appellant argues that his research involving sentences imposed under Section 1102.1 on other juvenile homicide defendants constitutes newly-discovered facts and that the newly-discovered facts reveal governmental interference on the part of the Commonwealth. *Id.* at 12-14.

To plead and prove the governmental interference exception, Appellant must show "the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence." *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008). To make a successful claim of governmental interference, an appellant must show a "violation of his rights under constitutional or state law." *Commonwealth v. Reeves*, 296 A.3d 1228, 1231 (Pa. Super. 2023).

To invoke the newly-discovered facts exception, a petitioner must plead and prove facts that were unknown to the petitioner despite the exercise of

---

Sentencing may not supersede the mandatory minimum sentences provided under this section." 18 Pa.C.S.A. § 1102.1(e).

due diligence. ***Reid***, 235 A.3d at 1144, *citing* 42 Pa.C.S.A. § 9545(b)(1)(ii). "Due diligence does not require perfect vigilance and punctilious care, but merely a showing the party [] put forth reasonable effort to obtain the information upon which a claim is based." ***Commonwealth v. Cox***, 146 A.3d 221, 230 (Pa. 2016) (citation and original quotation marks omitted). The petitioner must offer "evidence that he[, or she,] exercised due diligence in obtaining facts upon which his[, or her,] claim was based." ***Id.*** at 227, *citing* ***Commonwealth v. Breakiron***, 781 A.2d 94, 98 (Pa. 2001). The question of whether a petitioner, based upon the circumstances of a particular case, would have been unable to discover the newly-discovered fact notwithstanding the exercise of due diligence is a question that requires fact-finding, and the PCRA court, as the fact-finder, should determine whether a petitioner demonstrated this requirement of the exception. ***Commonwealth v. Bennet***, 930 A.2d 1264, 1274 (Pa. 2007).

Here, Appellant appears to raise a claim that his civil rights, as guaranteed by the United States and Pennsylvania Constitutions, were violated because the Commonwealth impermissibly escalated enforcement of mandatory minimum sentences under Section 1102.1 based upon the racial identity of the defendant. Appellant's Brief at 14 (stating that, his civil rights were violated). Although a civil rights claim may fall within the governmental interference exception to the PCRA jurisdictional time-bar, Appellant was required to plead and prove that his failure to raise this claim previously was the result of interference by government officials. ***Abu-Jamal***, 941 A.2d at

1268. Appellant has made no allegations, nor has he presented any evidence in his filings, which establish governmental interference with the presentation of his civil rights claim. Therefore, Appellant failed to invoke the timeliness exception under Section 9545(b)(1)(i).

To invoke the newly-discovered facts exception under Section 9545(b)(1)(ii), Appellant was required to plead and prove that the facts upon which his civil rights claim is predicated were not previously known to him and could not have been ascertained through due diligence. In support of the newly-discovered facts exception, Appellant submitted, as exhibits attached to his PCRA petition, a portion of what he claims is a resentencing hearing transcript for Ricky Breeze Moorefield,[9] a page from a transcript that purports to reflect the resentencing hearing of Raymont Walker,[10] and a newspaper article regarding this Court's decision that vacated the judgment of sentence imposed upon Regis Seskey and remanded the case for resentencing.[11]

---

[9] *See Pro Se* PCRA Petition, 9/21/23, at Exhibit B; *see also Commonwealth v. Moorefield*, 2019 WL 3577772 (Pa. Super. 2019) (unpublished memorandum), *appeal denied*, 224 A.3d 1265 (Pa. 2020). Attached to his PCRA petition, Appellant included an affidavit from a fellow inmate averring that the inmate provided Appellant with a copy of the Moorefield transcript on August 25, 2023. *See Pro Se* PCRA Petition, 9/21/23, at Exhibit A

[10] *See Pro Se* PCRA Petition, 9/21/23, at Exhibit B; *see also Commonwealth v. Walker*, 2020 WL 777785 (Pa. Super. 2020) (unpublished memorandum), *appeal denied*, 240 A.3d 1216 (Pa. 2020).

[11] *See Pro Se* PCRA Petition, 9/21/23, at Exhibit B; *see also Commonwealth v. Seskey*, 170 A.3d 1105 (Pa. Super. 2017).

Appellant appears to assert that he recently became aware of the transcripts and newspaper article that, together, illustrate the Commonwealth regularly violated individual civil rights by misleading sentencing courts into imposing racially-motivated mandatory minimum sentences in accord with Section 1102.1. We find *Commonwealth v. Chmiel*, 173 A.3d 617 (Pa. 2017) instructive in resolving the precise issue before us. To support the newly-discovered facts exception to the PCRA jurisdictional time-bar, Chmiel asserted that an FBI press release and a subsequent *Washington Post* article publicizing the press release contained facts which satisfied the newly-discovered facts exception. *Id.* at 625. Inherent in both the FBI press release and the *Washington Post* article were the facts that (1) "the FBI publicly admitted that the testimony and statements provided by its analysts about microscopic hair comparison analysis were erroneous in the vast majority of cases" and (2) "the FBI had trained many state and local analysts to provide the same scientifically flawed opinions in state criminal trials." *Id.* Our Supreme Court concluded that it was not the source of the facts, *i.e.*, a press release or a newspaper article, that satisfied the newly-discovered facts exception but, rather, it was the information contained in those media sources which satisfied the newly-discovered facts exception. *Id.* at 628. Stated simply, facts are not what a reader gleans from media reports or newspaper articles but, instead, facts are the substantive events, *i.e.*, the FBI's admission of error, which prompted the report by the media. *See Commonwealth v. Castro*, 93 A.3d 818, 825 n.11 (Pa. 2014) (reiterating that, "[facts] cannot

- 12 -

consist of what one hears on the news" (citation omitted)); ***see also Reid***, 235 A.3d at 1146 (holding, a judicial decision is not a fact to support the newly-discovered facts exception because "an in-court ruling or published judicial opinion is law[;] it is simply the embodiment of abstract principles applied to actual events. The events that prompted the analysis, which must be established by presumption or evidence, are regarded as fact.").

A review of the transcripts and newspaper article attached to Appellant's PCRA petition, which form the basis for his newly-discovered facts exception (and, in part, his governmental interference exception), fails to demonstrate that the Commonwealth pursued more severe minimum sentences under Section 1102.1 on race-based grounds. Quite the opposite, the newspaper article discusses how the Commonwealth appealed the lesser sentence (maximum term of 26 years' imprisonment) imposed on Seskey, who Appellant asserts is white (***see*** Appellant's Brief at 13), because the trial court "violated state law by not leaving in place a maximum life[-in-]prison sentence." *Pro Se* PCRA Petition, 9/21/23, at Exhibit B. Thus, one can glean, from a reading of the newspaper article, that the Commonwealth opposed a lesser sentence and called for the imposition of a more severe penalty against a white defendant. To support application of the newly-discovered facts exception in this case, Appellant does nothing more than make bald, unsupported accusations that defendants in western Pennsylvania receive desparate treatment based upon their racial identity. ***See*** Appellant's Brief at 13. These allegations do not validly invoke a timeliness exception under

the PCRA. ***See Commonwealth v. Allison***, 235 A.3d 359, 364 (Pa. Super. 2020) (holding that, bald allegations, unsupported by evidence, do not meet the burden of proving a timeliness exception).

In sum, Appellant failed to plead and prove the governmental interference or newly-discovered facts exceptions to the PCRA jurisdictional time-bar. Consequently, the PCRA court lacked jurisdiction to review Appellant's PCRA petition, and we may not review the substance of the petition on appeal.[12, 13]

Order affirmed.

---

[12] To the extent Appellant asserts that the PCRA court erred in failing to permit him to file an amended PCRA petition pursuant to Pennsylvania Rule of Criminal Procedure 905, we find this argument to be of no avail. Our Supreme Court has stated that, pursuant to Rule 905, "PCRA courts are invested with discretion to permit the amendment of a pending, **timely-filed** post-conviction petition, which must be exercised consistently with the command of Rule 905(A) that amendment should be freely allowed to achieve substantial justice." ***Commonwealth v. Crispell***, 193 A.3d 919, 930 (Pa. 2018) (citation and original quotation marks omitted; emphasis added). As discussed *supra*, Appellant's instant petition is patently untimely and without exception and, as such, Rule 905 is inapplicable to Appellant's petition.

[13] Appellant claimed that the PCRA court jurist who dismissed his instant petition "obtained personal knowledge about Appellant's [underlying criminal conviction] when he practice[d] law as [a defense attorney]" and, therefore, should have recused himself. Appellant's Brief at 16. Appellant's instant petition is patently untimely, and his recusal claim fails to establish an exception to the jurisdictional time-bar.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

3/13/2025